IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )   Chapter 7
TED D. VOSBURG,                     )
                                    )   Bankruptcy No. 11-01390
        Debtor.                     )

**ORDER ON REAFFIRMATION AGREEMENTS BETWEEN DEBTOR
AND FIRST NATIONAL BANK OF HAMPTON
(ECF Doc. Nos. #33, 34, 35, 36, 38, 39 & 40)**

This matter came before the Court for hearing on Debtor's nine (9) Reaffirmation Agreements with creditor First National Bank of Hampton. Attorney Michael P. Mallaney appeared for Debtor Ted. D. Vosburg. Jim Walker, the President of First National Bank of Hampton, appeared on behalf of the Bank. After receiving statements from Debtor, Attorney Mallaney, and Mr. Walker, the Court took the matters under advisement. On November 16, 2011, Debtor rescinded two (2) of the nine (9) Reaffirmation Agreements.[1] This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (O).

---

1 The two proposed reaffirmation agreements withdrawn were docket number 37 and 41. The proposed Reaffirmation Agreement at docket number 37 was a commercial loan for $64,216.66, at an interest rate of 6.50% for thirty-six (36) months, resulting in a monthly payment of $450.00 and a balloon payment for the remaining balance on the thirty-seventh (37) month. This agreement was secured by 819 Central Avenue with an estimated value of $70,000.00. Reaffirmation Agreement at docket number 41 was a commercial loan for $7,075.04, at an interest rate of 6.50% for thirty-six (36) months, resulting in a monthly payment of $216.84 and a balloon payment for the remaining balance on the thirty-seventh (37) month. This agreement was secured by a trailer with an estimated value of $2,750.00.

1

## STATEMENT OF THE CASE

Debtor seeks to reaffirm his obligations on commercial loans secured by several properties. According to Debtor's proposed Reaffirmation Agreements, the presumption of undue hardship arises under 11 U.S.C. § 524(c)(6)(A). In support of the reaffirmation agreements, Debtor noted several factors to overcome the presumption of undue hardship. Debtor pointed to an improving rental market, his ability to maintain up-to-date payments on the current mortgages, his positive net income from the rental properties since the bankruptcy filing in June 2011, and an improving real estate market. The Court finds that Debtor has sufficiently rebutted the presumption of undue hardship and approves the Reaffirmation Agreements in this case.

## FINDINGS OF FACT

Debtor owns Midwest Meter, a liquid-handling equipment company in Hampton, Iowa. He also owns several rental properties in the Hampton, Iowa area. He seeks to reaffirm his pre-petition debt with First National Bank of Hampton for seven commercial loans secured by real property.

There are seven reaffirmation agreements currently before the Court. For ease of understanding, the Court refers to each agreement by its CM/ECF Document number. All seven of the following loans are commercial loans for thirty-six (36)

months with a balloon payment for the remaining balance in month thirty-seven (37).

- Reaffirmation Agreement Docket No. 33
    - Loan Amount: $27,139.90
    - Original Interest Rate: 7.95%
    - New Interest Rate: 6.50%
    - Monthly payment: $500.00
    - Collateral: Lot 12 with an estimated value of $20,000.00
- Reaffirmation Agreement Docket No. 34
    - Loan Amount: $13,161.79
    - Original Interest Rate: 21.0%
    - New Interest Rate: 6.50%
    - Monthly payment: $403.40
    - Collateral: 1715 4th St. with an estimated value of $55,000.00
- Reaffirmation Agreement Docket No. 35
    - Loan Amount: $19,901.84
    - Original Interest Rate: 21.0%
    - New Interest Rate: 6.50%
    - Monthly Payment: $159.37
    - Collateral: 102 2nd St. with an estimated value of $50,000.00
    - This property currently is encumbered by an unexpired lease
- Reaffirmation Agreement Docket No. 36
    - Loan Amount: $13,935.29
    - Original Interest Rate: 7.50%
    - New Interest Rate: 6.50%
    - Monthly Payment: $400.00
    - Collateral: 1715 4th St. with an estimated value of $55,000.00
    - This loan is secured with the same collateral as used in Reaffirmation Agreement #34
- Reaffirmation Agreement Docket No. 38
    - Loan Amount: $95,786.53
    - Original Interest Rate: 7.50%
    - New Interest Rate: 6.50%
    - Monthly Payment: $815.00
    - Collateral: 450 12th Ave. with an estimated value of $75,000.00
    - This property currently is encumbered by an unexpired lease

- Reaffirmation Agreement Docket No. 39
    - Loan Amount: $16,889.66
    - Original Interest Rate: 8.0%
    - New Interest Rate: 6.50%
    - Monthly Payment: $240.63
    - Collateral: 102 2nd St. with an estimated value of $50,000.00
    - This property currently is encumbered by an unexpired lease and is secured by the same collateral as used in Reaffirmation Agreement #35
- Reaffirmation Agreement Docket No. 40
    - Loan Amount: $25,247.64
    - Original Interest Rate: 7.60%
    - New Interest Rate: 6.50%
    - Monthly Payment: $773.81
    - Collateral: 1529 4th St. with an estimated value of $20,000.00

Debtor's total monthly income is $15,223.15. Debtor's monthly expenses, at the time of filing bankruptcy, without inclusion of the payments needed under the reaffirmation agreements, total $17,850.00—resulting in a monthly deficit of $2,626.85. The total amount of the debt sought to be reaffirmed in the seven agreements is $212,072.65, for a monthly payment of $3,292.21. Securing the debt are five properties with an estimated value of $220,000.00 for collateral purposes. Including the reaffirmation agreement payments, Debtor's monthly expenses would exceed his income by $5,919.06 per month.

Debtor testified that at the time he filed for bankruptcy, the rental market in Hampton, Iowa was at an all-time low. Debtor stated that presently, the rental market has improved and he has positive net income from his rental properties. Debtor believes that the rental market will continue to improve. Debtor is an

experienced businessman and testified that he is aware of the consequences if he defaults on the obligations. He desires to reaffirm the debt in order to take advantage of this potential increase in value. As evidence of the market and income improvement, Debtor offers two accounting statements for Vosburg Rental Properties. The statements show a positive net income from the properties for July and August 2011.

Debtor's attorney, an experienced bankruptcy practitioner, signed the attorney certification on the reaffirmation agreement provided by § 524(c)(3) and § 524(k)(5)(A). At the hearing, counsel indicated that since this is—in Debtor's opinion—a good business decision, he supports Debtor's desire to reaffirm. No creditor has objected to the reaffirmations and First National Bank of Hampton supports Debtor's desire to reaffirm. The Court provided Debtor a two week period to reconsider the nine proposed agreements before the court and/or file a supportive brief. Debtor rescinded two of the nine agreements.

## **CONCLUSIONS OF LAW AND DISCUSSION**

A debtor may voluntarily agree in writing to repay, or reaffirm, a debt that would be dischargeable in bankruptcy. 11 U.S.C. § 524. Section 524(c) governs the enforceability of a reaffirmation agreement between the debtor and creditor.

> The elements of a valid reaffirmation agreement are: (1) the debtor must enter into a reaffirmation agreement prior to discharge and file the

5

>agreement with the court; (2) the agreement must clearly and conspicuously state that the debtor may rescind the agreement prior to discharge or within sixty (60) days after the agreement is filed with the court, whichever is later; (3) the agreement is accompanied by an affidavit of the debtor's attorney, if the debtor is represented, with a declaration that the agreement is an informed and voluntary agreement by the debtor and that the reaffirmed debt does not impose an undue hardship; (4) the debtor has not rescinded the agreement at the time of discharge or within sixty (60) days after it is filed with the court; and (5) compliance with the procedural requirements of § 524(d).

In re Lindley, 216 B.R. 811, 815–16 (Bankr. N.D. Ill. 1998) (quoting In re Walker, 180 B.R. 834, 846 n.20 (Bankr. W.D. La. 1995)). When reaffirming a debt, the Court considers the terms of the reaffirmation agreement, the necessity of the goods sought to be retained, the repossession risk if the debtor does not reaffirm the debt, the goods' replacement value compared to the debt, and whether the collateral is a necessity. In re Bartz, No. 10-01897, 2011 WL 671991, at *3 (Bankr. N.D. Iowa Feb. 17, 2011) (citing In re Melendez, 224 B.R. 252, 261 (Bankr. D. Mass. 1998); In re Miller, No. 07–00581, 2007 WL 2413012, at *1 (Bankr. N.D. Iowa 2007)).

**1. Debtor Has Sufficiently Rebutted the Presumption of Undue Hardship**

A presumption of undue hardship exists when the debtor's monthly expenses exceed his monthly income. 11 U.S.C. § 524(m)(1). When the presumption of undue hardship arises, the debtor may rebut this presumption, in writing, by identifying additional sources of income available to make the reaffirmed payments. Id.

The record shows that Debtor submitted evidence of additional income from his rental properties. The evidence shows that the real properties securing the debts are income-producing rental properties. In July and August 2011, the rental properties produced positive net income. The Court finds that the additional income produced by these rental properties is sufficient to overcome the presumption of undue hardship created by the obligations sought to be reaffirmed.

Debtor is current on his payments under these obligations. Current payments alone are insufficient to support reaffirmation. In re Stillwell, 348 B.R. 578, 582 (Bankr. N.D. Okla. 2006). However, the fact that Debtor has been able to make his payments post-petition, when considered together with his identification of additional sources of income, further rebuts the presumption of undue hardship. The best indicator of future performance is past behavior. See In re Richards, 03-02487, 2004 WL 764526 (Bankr. N.D. Iowa Apr. 2, 2004). Since Debtor has been able to stay current on these obligations, the Court believes that he will be able to continue to make the required payments.

**2. Additional Considerations Supporting Reaffirmation**

a.    Debtor's Attorney Supports Reaffirmation

When the debtor is represented by an attorney, the debtor's attorney is required to sign an affidavit stating that:

7

Case 11-01390    Doc 83    Filed 03/30/12    Entered 03/30/12 15:28:06    Desc Main
              Document      Page 8 of 11

(A) [the] agreement represents a fully informed and voluntary agreement by the debtor; (B) such agreement does not impose an undue hardship on the debtor . . . ; and (C) the attorney fully advised the debtor of the legal effect and consequences of [the reaffirmation] agreement . . . and any default under such agreement.

11 U.S.C. § 524(c)(3). Notwithstanding counsel's signature, the Court must independently review the proposed reaffirmation when a presumption of undue hardship arises. 11 U.S.C. § 524(m)(1); Bartz, 2011 WL 671991, at *3 (citations omitted).

The Court has already determined that Debtor sufficiently rebutted the presumption of undue hardship. Additionally, Debtor's counsel signed off on the reaffirmation agreements. At hearing, Debtor's attorney emphasized that Debtor is fully aware of the consequences and wants to take this risk as a business venture, one can assume, because he hopes the reward will outweigh the risk. This endorsement of the reaffirmation agreements, with additional evidence rebutting the presumption of undue hardship, is persuasive for reaffirmation of the proposed debts.

    b.    <u>Terms of the Agreement</u>

Section 524(c) is "aimed at ensuring that debtors do not fall victim to coercive and deceptive actions by creditors and to make sure that debtors understand the consequences of entering into such agreements." In re Nouchanthavong, No. 09-02181, 2009 WL 4059051, at *1 (Bankr. N.D. Iowa, Nov. 13, 2009). Debtor

testified at hearing that he was not being coerced by the Bank into reaffirming his debt. He also testified that he understood the consequences of entering into the agreements.

Courts have considered favorable terms, such as a lower interest rate, as a factor when evaluating reaffirmation agreements. See In re Dorsey, No. 05-37911, 2006 WL 5738070 (Bankr. D. Md. Jan. 24, 2006) (considering the interest rate as a factor, although ultimately denying reaffirmation on vehicle debt $8,000 more than the vehicle's value); In re Toweh, No. 07-81635, 2008 WL 7880885 (Bankr. N.D. Ga. Oct. 16, 2008) (reopening case in order to approve reaffirmation on vehicle obligation that reduced interest rate from 12.99% to 4%). All of the Agreements lower Debtor's interest rate to a uniform 6.50%. This is a significant reduction from some of the original agreements, which carried interest rates as high as 21%. The Court finds that the favorable terms of the Agreements, combined with Debtor's awareness of the consequences of default, adequately show that Debtor is not falling victim to coercive or deceptive actions on the part of a creditor.

    c.    <u>Sufficiency of Collateral</u>

Lastly, the debts in question are fully secured by real property. Debtor's total obligation would be $212,072.65 and the collateral securing the debts totals $220,000.00. Liens secured by real property are typically more secure because real

property, unlike personal property, does not rapidly accelerate. In re Wilson, 372 B.R. 816, 819 (Bankr. D.S.C. 2007). If Debtor were to default, the Bank would have adequate protection, protecting Debtor from a deficiency, for which he would be personally liable. The Bank's adequate protection supports reaffirmation of these obligations when combined with the other factors, discussed above, favoring reaffirmation.

## **CONCLUSION**

This Court concludes that Debtor has adequately rebutted the presumption that reaffirmation of the debt in question will impose an undue hardship. Taking into account Debtor's additional income from rental properties and up-to-date payments, Debtor has sufficiently rebutted the presumption of undue hardship. The Court further finds that Debtor's attorney's approval of the Agreements, the lack of objections to the Agreements, the favorable terms, and the sufficiency of the Bank's protection, also weigh in favor of approving the Agreements.

**THEREFORE, IT IS ORDERED** that Reaffirmation Agreement at ECF Doc. #33, between Debtor and First National Bank of Hampton, is APPROVED.

**FURTHER,** Reaffirmation Agreement at ECF Doc. #34, between Debtor and First National Bank of Hampton, is APPROVED.

**FURTHER,** Reaffirmation Agreement at ECF Doc. #35, between Debtor and

First National Bank of Hampton, is APPROVED.

**FURTHER,** Reaffirmation Agreement at ECF Doc. #36, between Debtor and First National Bank of Hampton, is APPROVED.

**FURTHER,** Reaffirmation Agreement at ECF Doc. #38, between Debtor and First National Bank of Hampton, is APPROVED.

**FURTHER,** Reaffirmation Agreement at ECF Doc. #39, between Debtor and First National Bank of Hampton, is APPROVED.

**FURTHER,** Reaffirmation Agreement at ECF Doc. #40, between Debtor and First National Bank of Hampton, is APPROVED.

Dated and Entered: March 30, 2012

_____
Thad J. Collins
Chief Bankruptcy Judge